## THOMPSON et al. v. E. P. DONNELL MANUF'G CO.

*(Circuit Court, N. D. Illinois. October 11, 1889.)* .

FEDERAL COURTS—COMITY.

The circuit court of the United States for the northern district of Illinois will, under the rule of comity, be governed, as to the infringement of a patent, by prior decisions of other circuits, as to the same patent, where the proof is the same.

In Equity.

*Horace Barnard* and *J. G. Elliott*, for complainants.

*West & Bond*, for defendant.

BLODGETT, J. In this suit complainant charges the infringement of United States letters patent No. 136,340, granted February 25, 1873, to Arza B. Keith, assignee of Samuel W. Shorey, for an "improvement in machines for forming staple seams in leather." In his specifications the inventor says:

"The invention relates to an organization of mechanism for uniting leather work by means of staples, or the formation of staple seams; * * * The machine being designed to cut the wire into staple-forming lengths, to form and drive the staples, to twist together the driven and protruded points of each, to cut off the excess of metal at the point, and to feed the work for insertion of successive staples in the formation of a continuous seam."

Whether this machine was ever successfully used for forming seams in leather by means of staples does not clearly appear by the proof. The only use to which it has been applied, so far as the disclosures in this record go, is for stapling or stitching printed pamphlets together; but this must be considered only as a new use of the machine not contemplated by the inventor at the time of his specifications, but clearly protected with the use to which the inventor proposed to apply it. The defenses set up are: Want of novelty, and non-infringement.

This patent has been before the United States circuit court of the southern district of New York on several occasions, and fully considered and adjudicated upon. The only controversy in this case, as in the prior case I have mentioned, is as to the charge of the infringement of the third claim of the patent, which is:

"In combination with the bender-foot, $q$, and driver, $x$, the inclined and retreating anvil, $n$, operating substantially as described."

In *Thompson* v. *Gildersleeve*, 34 Fed. Rep. 43, the defendant was charged with the infringement of this claim; and the validity of the claim, and the infringement of the patent by the defendant, were fully sustained. After the decision in that case, defendant substituted for the inclined and retreating support of the legs of the staple, while being driven, what is called in the arguments and briefs a "box supporter," which is a rectangular, instead of an inclined, support of the legs of the staple, so arranged as to retreat from within the staple as it is driven or forced into the paper by the driver. This modified form of construction was before the

same court in *Thompson* v. *American Bank Note Co.*, on an application for an injunction *pendente lite;* and the question as to the evasion of this claim of the patent by this modification was considered, and held against the defendant, and injunction awarded. 35 Fed. Rep. 203. The same case has since been brought to final hearing before that court, and a decree rendered, finding that the machine, as modified, still infringes the third claim of the patent. 39 Fed. Rep. 274. It also appears that the defendant, as the manufacturer of the machines in question in the *Gildersleeve* and *American Bank Note Co. Cases,* assumed and conducted the defense, and that the same proof which is now in the record in this case was put in and considered in both of these prior cases. Hence, waiving all question as to whether defendant is estopped in this case by these prior decisions, I have no doubt that under the rule of comity, which I have always attempted to apply in cases of this character, this court should be governed by the decisions on the same patent in prior cases, where the proof is the same. A decree may therefore be entered in this case finding that the third claim of complainants' patent is valid, and that the defendant infringes the same, and referring the case to a master to ascertain and report the damages.